**FILED**
**Oct 23, 2018**
**08:56 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| BARBARA J. NEWMAN, | ) Docket No. 2016-03-1003 |
| Employee, | ) |
| v. | ) |
| THE HOME DEPOT, | ) |
| Employer, | ) State File No. 19521-2016 |
| And | ) |
| NEW HAMPSHIRE INSURANCE | ) |
| COMPANY | ) |
| Carrier. | ) Judge Lisa A. Lowe |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This matter came before the Court on Ms. Newman's Request for Expedited Hearing seeking a decision on the record instead of an evidentiary hearing. Home Depot did not file a response.[1] The Court issued a Docketing Notice listing the documents to be considered and gave the parties until October 11 to file objections and/or position statements. Ms. Newman did not file any objections or a position statement; Home Depot submitted a position statement.

The central legal issue is whether Ms. Newman is likely to prevail at a hearing on the merits that her congestive heart failure and pulmonary embolus arose primarily out of her March 10, 2016 work injury. For the reasons below, the Court holds Ms. Newman did not come forward with sufficient evidence demonstrating a likelihood to prevail at a hearing on the merits. Accordingly, this Court concludes she is not entitled to the requested benefits at this time.

### History of Claim

A review of the written materials revealed the following facts.

---

[1] Home Depot filed a Motion to Strike, to which Ms. Newman filed a response and the Court addressed in a separate order.

Home Depot employed Ms. Newman as a part-time greeter. When clocking-out on March 10, 2016, Ms. Newman noticed several cords on the floor. While stepping over them, she slipped and fell on her left side. She went to Blount Memorial Hospital. Home Depot provided a panel of physicians, and Ms. Newman received authorized treatment from Dr. Luke Madigan for her back. On May 25, 2017, Dr. Madigan placed her at maximum medical improvement, assigned a zero-percent impairment rating, and released her to return to work without restrictions.

Approximately four weeks after the injury, Ms. Newman experienced difficulty breathing and went to the University of Tennessee Medical Center. Providers there diagnosed her with blood clots and congestive heart failure. Ms. Newman attended cardiac rehabilitation approximately three times each week for two years to improve her heart health.

On August 1, 2018, Ms. Newman relapsed and again had difficulty breathing. She returned to the UT Medical Center and remained there for eight days. Ms. Newman also spent ten days receiving therapy at WellPark Rehabilitation Center.

Ms. Newman alleged that her March 10, 2016 work injury caused her heart and lung problems and radically changed her daily life, both physically and emotionally. She provided a signed letter from Dr. Amy Barnett that stated, "I have been Ms. Newman's primary care provider for seven years. She had been in her normal state of health until April 2016, when she was diagnosed with congestive heart failure and pulmonary embolus."

Home Depot asserted that Ms. Newman failed to provide any medical proof that her heart and lung conditions were related to the work injury. Additionally, Home Depot averred that it provided Ms. Newman all the workers' compensation benefits to which she is entitled.

**Findings of Fact and Conclusions of Law**

Ms. Newman need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2018).

A work-related injury "causes . . . the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . need for medical treatment." Tenn. Code Ann. § 50-6-102(14)(C). "'Shown to a reasonable degree of medical certainty' means that, in the

2

opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D).

Here, the issue is whether Ms. Newman's work injury caused her congestive heart failure and pulmonary embolus. The Court notes that Ms. Newman stated in her affidavit, "you have my permission to obtain my medical records[.]" However, it is Ms. Newman's burden to obtain medical records and/or opinions that support her position and supply those to the Court for consideration. She provided one medical letter from Dr. Barnett. However, Dr. Barnett did not address causation and failed to establish that Ms. Newman's heart and lung conditions were more likely than not related to the work injury, considering all causes.

Based on review of the submitted information, this Court concludes Ms. Newman did not come forward with sufficient evidence to establish that she is likely to prevail at a hearing on the merits that her heart and lung conditions were primarily caused by the work injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Newman's claim against Home Depot for her alleged heart and lung conditions is denied at this time.

2. This matter is set for a Scheduling Hearing on **January 14, 2019, at 9:30 a.m. Eastern Time**. The parties must call (865) 594-0109 or (toll-free) (855) 383-0003 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED on October 23, 2018.**

_Lisa A. Lowe_

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation**

3

## APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination
    a. Employee's Position Statement
2. Dispute Certification Notice
3. Request for Expedited Hearing
    a. Affidavit of Barbara Newman
    b. Correspondence from Dr. Amy L. Barnett, dated August 31, 2018
4. Motion to Strike
5. Employee's Objection to Motion to Strike
6. Order Granting in Part and Denying in Part Motion to Strike
7. Docketing Notice for on-the-Record Determination
8. Employer's Position Statement
    a. Medical Records of Dr. Luke Madigan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on October 22, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Barbara Newman, Self-Represented Employee | X | | | Barbara Newman 327 Suburban Road Knoxville, TN 37923 |
| Kenny D. Veit, Employer's Attorney | | | X | kenny.veit@leitnerfirm.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

4